```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CLAUDIA GROSSO, a.k.a.
CLAUDIA GERSHENSON, individually,
ADAM D. GERSHENSON, MELISSA L.
GERSHENSON, and SPENCER T.
GERSHENSON, individually and as
beneficiaries,

                Plaintiffs,           MEMORANDUM & ORDER
                                      07-CV-3620 (JS)(WDW)
        -against-

DEBORAH RADICE, in her individual
capacity,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiffs:    Judith Ellen Stone, Esq.
                   2819 Harbor Road
                   Merrick, NY 11566

For Defendant:     Barry M. Lasky, Esq.
                   Lasky & Steinberg, PC
                   595 Stewart Avenue, Suite 410
                   Garden City, NY 11530
```

SEYBERT, District Judge:

BACKGROUND

On March 16, 2009, this Court granted in part and denied in part Defendant's motion for summary judgment. Among other things, this awarded Defendant summary judgment on Plaintiffs' breach of fiduciary duty claims. On December 16, 2009, the Court denied Plaintiffs' motion for reconsideration.

More than seven months later, on July 28, 2010, Plaintiffs again sought reconsideration, this time under Fed. R. Civ. P. 60(b). This motion sought, among other things, to: (1) reverse the Court's decision dismissing the fiduciary duty claims

as time barred; and (2) reinstate the Second, Fourth, Fifth, Sixth, Eighth, Ninth, Eleventh, and Fifteenth causes of action. On August 16, 2010, the Court denied Plaintiffs' second reconsideration motion as untimely. The Court noted that Rule 60(b) motions must be made "within a reasonable time," and that it was "wholly unreasonable for Plaintiffs' make such a motion" so long after the Court's ruling, "particularly because Plaintiffs make no effort show . . . good cause for why they did not act sooner." See Electronic Order, dated August 16, 2010 (citing Fed. R. Civ. P. 60(c), Morisseau v. DLA Piper, 255 F.R.D. 127, 129 (S.D.N.Y. 2008); Greenberg v. Chrust, 2004 WL 585823, *3 (S.D.N.Y. 2004)). The Court further "cautioned" Plaintiffs' counsel that "'unreasonabl[e] and vexatious[]' conduct may result in an award of costs, expenses or attorneys' fees against them."

Apparently ignoring the Court's "caution[]," on August 20, 2010, Plaintiffs' again moved for reconsideration. In this third reconsideration motion, Plaintiffs' counsel Judith Stone argued that she did not move under Rule 60(b) sooner because: (1) she was busy working on other matters; and (2) believed that Rule 60(b) motions could be made "up to a year from the date of the Judgment or Order, so it wasn't necessary to explain the circumstances." Docket No. 83 at 2.

DISCUSSION

I.  Plaintiffs' Motion

Plaintiffs' third motion for reconsideration is DENIED. The Court addressed the merits of Plaintiffs' claims not once, but twice. It will not continue to revisit its settled decisions simply because Ms. Stone does not like the outcome. In any event, Ms. Stone has failed to show that seven months was a "reasonable time" to wait before moving under Rule 60(b). Like most gainfully employed attorneys, Ms. Stone may have had other matters occupying her time. But that does not excuse her neglect of this case for seven months. See Dominguez v. U.S., 583 F.2d 615, 618 (2d Cir. 1978) cert. denied 439 U.S. 1117, 99 S. Ct. 1023, 59 L. Ed. 2d 76 (1979) (ten month delay caused by attorney's "abysmal neglect" not reasonable); Bridgham by Libby v. Secretary of Dept. of Health and Human Services, 33 Fed.Cl. 101, 107 (Fed. Cl. 1995) (five month delay "chargeable to attorney inattention" unreasonable); see also Israel v. Carpenter, 120 F.3d 361, 366 (2d Cir. 1997) (attorney's "inability to efficiently manage his caseload" not grounds for Rule 60(b)(1) relief). Nor is it excusable that Ms. Stone neglected to comprehend Rule 60(c)'s plain text, which requires Rule 60(b) motions to be made "within a reasonable time." See Sparrow v. Heller, 116 F.3d 204, 206 (7th Cir. 1997) (affirming that two month delay caused by "counsel's oversight" was not reasonable); see also Israel, 120 F.3d at 366 (attorney's "ignorance of the law" not

grounds for Rule 60(b)(1) relief).

II. <u>Sanctions</u>

In filing this motion, Ms. Stone has sought reconsideration of the Court's order denying reconsideration of the Court's order denying reconsideration of the Court's summary judgment order that dismissed some of Plaintiffs' claims. Ms. Stone has failed to explain her repeated disrespect for the law of the case. Consequently, the Court ORDERS Ms. Stone to SHOW CAUSE for why she should not be sanctioned under Fed. R. Civ. P. 11, and/or 18 U.S.C. § 1927 (attorneys may face liability for "unreasonably and vexatiously" multiplying proceedings). Ms. Stone must respond to this Order by September 13, 2010. Defendant may file any papers it wishes by September 20, 2010. Defendants papers may include documentation reflecting legal fees and expenses incurred responding to Plaintiffs' second and third reconsideration motions. Ms. Stone may file reply papers by September 23, 2010. The show cause hearing will take place on September 28, 2010 at 10:00 a.m.

SO ORDERED

        /s/
Joanna Seybert, U.S.D.J.

Dated: September 1, 2010
       Central Islip, New York